

Ian Smith
ian@spirelawfirm.com
407.494.0135

Spire Law, LLC
2572 W State Rd 426
Suite 2088
Oviedo, FL 32765

1 East Broward Boulevard
Suite 700
Ft. Lauderdale, FL, US 33301

**spirelawfirm.com**

<u>Via Electronic Filing</u>
**April 11, 2023**
The Honorable Judge Carol Bagley Amon
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re.: *Bunting v. Newhere, Inc.*
Case No: 1:23-cv-00287

**Request to file Out of Time Pre-Motion Conference Letter Re: Anticipated Motion to Dismiss Plaintiff's Complaint**

Dear Judge Amon:

We represent Newhere, Inc. (Defendant or "Newhere"), in the above-referenced matter. In accordance with Fed. R. Civ. P. 6(b)(1(B), Defendant respectfully moves for leave to file its response to the Complaint, (Doc. 1), after the deadline April 10, 2023, deadline.

On January 17, 2023, Plaintiff filed his Complaint. (Doc 1.) Defendant was served with the Complaint and executed a waiver of service, making its response due April 10, 2023. Due to a calendaring issue, Defendant inadvertently failed to file its response to Plaintiff's complaint. Defendant discovered the error after prompting by Plaintiff's counsel and a routine review of Defendant counsel's records.

At 1:44 PM on April 11, 2023, in response to Plaintiff's complaint, Defendant filed its Letter Motion for Pre-Motion Conference. (Doc. 8.)

"Rule 6(b) of the Federal Rules of Civil Procedure provides in pertinent part, '[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: ... on motion made after the time has expired if the party failed to act because of excusable neglect.'" Fed. R. Civ. P. 6(b)(1)(B); *Satco Prods., Inc. v. Seoul Semiconductor Co.*, 551 F.Supp.3d 1329, 1331 (N.D. Ga. 2021) (granting Defendants' motion to file an out of time answer based on counsel inadvertently missing deadline and filing an answer after a "delay of fourteen days—a relatively short time having little if any impact on judicial proceedings.").



      Here, Defendant filed its Letter for Pre-Motion Conference on day after the deadline to respond to the Complaint.  Because of the very short delay in answering, there was little, if any, impact on judicial proceedings.  Moreover, this is a single missed deadline and was in no way "an effort to disregard[] local rules, [an effort] intended to delay the case, or an effort to gain any advantage by filing late."  *Satco Prods.*, 551 F. Supp. 3d at 1333.  This motion for leave is made in good faith, not being sought for purposes of delay, and will not prejudice any party to the litigation.

      Defendant Newhere, Inc. respectfully requests the Court grant leave for it to file its out of time response to the Complaint, (Doc. 8.)

      Prior to filing this letter motion, Defendant conferred with Plaintiff on whether she objected to the relief requested in this letter.  Plaintiff intends to oppose the relief requested.

      We thank the Court for its attention to this matter.

      Respectfully,

      */s/ Ian E. Smith*

      Ian E. Smith, Esq.
      Partner, Spire Law, LLC

Enclosure

cc: VIA ECF: All Counsel