**SHAKED LAW GROUP, P.C.**
Attorneys-At-Law
14 Harwood Court, Suite 415
Scarsdale, New York 10583

_____

Tel.  (917) 373-9128
ShakedLawGroup@Gmail.com

April 12, 2023

**FILED BY ECF**
Hon. Carol Bagley Amon
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: Plaintiff's Opposition to Defendant's Request to file LATE Pre-Motion Conference Letter
     *Rasheta Bunting v. Newhere, Inc.,* Case No. 1:23-cv-287-CBA-RER

Dear Judge Amon:

  Plaintiff, Rasheta Bunting ("Plaintiff"), by and through her counsel, respectfully submits this letter in opposition to Defendant, Newhere's ("Defendant"), request for filing a LATE pre-motion conference letter (the "Pre-Motion Letter").

  As Defendant rightfully admits, but for Plaintiff's counsel's prompting, the delay in filing the Pre-Motion Letter would not have been one day, but could have been weeks or even months. Defendant had sixty (60) days from its signing of the Waiver of Service (as opposed to 21 days from regular service of process) to submit its Pre-Motion Letter, yet it could not even meet this extended deadline on time. I reached out to Defendant's counsel following the expiration of the sixty (60) day period as a courtesy to meet and confer about an amicable resolution. Unfortunately, the opposite took place.

  While filing a late Answer may not be an issue, taking the drastic step of moving to dismiss is a time-sensitive, even a time-critical event. If Defendant required more time to prepare its letter, it could have asked the Court for an extension before the deadline expired. Having failed to do so, Defendant must be required to explain why, under the standards set forth in *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) and *Liang v. Home Reno Concepts, LLC*, 803 F.App'x 444, 446 n.2 (2d Cir. 2020) the filing of an untimely request for a pre-motion letter should be granted.

  Plaintiff respectfully requests that the request to file a LATE Pre-Motion Letter be denied and that the case be transferred to the magistrate Judge for a settlement conference.

             Respectfully submitted,
             */s/Dan Shaked*
             Dan Shaked, Esq.

cc: Counsel for Defendant (via ECF)