

September 4, 2023

Ian Smith
ian@spirelawfirm.com
407.494.0135

Spire Law, LLC
2572 W State Rd 426
Suite 2088
Oviedo, FL 32765

1 East Broward Boulevard
Suite 700
Ft. Lauderdale, FL, US 33301

spirelawfirm.com

**VIA ECF**
Hon. Carol Bagley Amon
United States District Judge
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Rasheta Bunting v NEwhere Inc. et al*
      Case No. 1:23-cv-00287

Dear Judge Amon:

     As counsel for Defendant NEwhere, Inc., I write to address the parties' settlement and to present the parties' joint request for judicial approval of the Consent Decree enclosed herewith.

     Plaintiff's class action Complaint alleges that Defendant's website is a place of public accommodation which is not accessible to visually disabled persons in violation of the Americans with Disabilities Act, the New York State Human Rights Law, the New York State Civil Rights Law, and the New York City Human Rights Law. While Defendant does not admit liability, we have reached an early settlement with plaintiff individually in order to avoid the cost and inconvenience of litigation and to address the issues raised by this action in a mutually acceptable fashion. We hereby request that the Court so-order the Consent Decree, which has been fashioned as a reasonable resolution of the plaintiff's claims.

     The Consent Decree "(1) springs from and serves to resolve a dispute within the court's subject-matter jurisdiction, (2) comes within the general scope of the case made by the pleadings, and (3) furthers the objectives of the law upon which the complaint was based." *Kozlowski v. Coughlin,* 871 F.2d 241, 244 (2d Cir. 1989) (citing *Local Number 93, Int'l Ass'n of Firefighters v. City of Cleveland,* 478 U.S. 501, 525 (1986)); *accord, Crosson v. Popsockets LLC,* No. 19-cv-200 (CBA)(LB), 2019 WL 6134416, at *2 (E.D.N.Y. Oct. 8, 2019), *adopted by* 2019 WL 6134153 (Nov. 19, 2019); *Riverkeeper, Inc. v. MLV Concrete Inc.,* No. 14-cv-3762 (LDH)(PK), 2017 WL 3172897, at *2 (E.D.N.Y. June 26, 2017), *adopted by* 2017 WL 3172859 (July 25, 2017); s*ee also, Figueroa v. Arhaus, LLC*, No. 18 Civ. 10491 (GWG) (S.D.N.Y. Feb. 20, 2019) (DE 16) (applying the above standard in a similar ADA action to approve a consent decree in an action between private parties).

     Additionally, the Consent Decree is designed to serve as a shield for Defendant against claims by other potential plaintiffs who may come forward to assert similar claims based on the putative access violations that are being addressed and resolved pursuant to this settlement.

Duplicative suits have been a recurring problem in similar matters, including this matter. *See Feliz v. NEwhere, Inc*., Case No. 1:23-cv-00357 (filed Jan. 15, 2023) (asserting identical claims).

Other Courts in New York have approved similar consent decrees. *See, e.g.*, *Hecht v. Brewster Home Fashions, LLC*, Case No. 1:20-cv-05719-JPO (S.D. NY Sept. 22, 2020) [DE 11]; *Nisbett v. Forty Five Ten NY, LLC,* Case No. 1:19-cv-10785 (S.D. NY February 24, 2020 [DE 12]; *Jaquez v. Bauefeind USA, Inc*., Case No. 1:20-cv-06312 (S.D. NY Jul. 29, 2021) [DE 19].

We respectfully request that Your Honor approve the enclosed Consent Decree for all of the reasons identified above. Thank you for your attention to this matter.

Sincerely,

Ian E. Smith, Esq.
Partner, Spire Law, PLLC

Enclosure:   Proposed Consent Decree
cc:          Dan Shaked, Counsel for Plaintiff (via ECF)